WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Timothy Landrigan, | No. CV-96-2367-PHX-ROS |
| Petitioner, | DEATH PENALTY CASE |
| vs. | |
| Dora B. Schriro, et al., | ORDER RE: LIMITED REMAND |
| Respondents. | |

Petitioner is an Arizona inmate sentenced to death whose appeal from the denial of federal habeas relief is pending before the Ninth Circuit Court of Appeals. Petitioner filed a motion with the Ninth Circuit seeking authorization for a contact visit by Pamela Blake, M.D., a neurologist retained by Petitioner's habeas counsel, to conduct a neurologic examination to determine the cause of headaches and neck pain he has experienced since January 2005. (Dkt. 142, tab 1.)[1] Respondents opposed the motion. (Id., tab 2.) On September 16, 2005, the Ninth Circuit issued a limited remand to this Court for resolution of Petitioner's motion. (Id.)

While state inmates have Eighth Amendment rights to medical care and safe conditions of confinement, claims for injunctive relief and/or damages to vindicate such rights, when unrelated to an inmate's request for habeas relief, must be brought in actions filed pursuant to 42 U.S.C. § 1983. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement,

---

[1] "Dkt." refers to documents in the district court's file.

whether the inmate seeks monetary or injunctive relief, fall outside [the] core [of habeas relief] and may be brought pursuant to § 1983"); Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on the circumstances of confinement may be presented in a § 1983 action."); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (a civil rights action is the proper method to challenge conditions of confinement, citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). It does not appear, nor does Petitioner assert, that he seeks a contact visit with Dr. Blake in furtherance of his habeas petition, which as noted above, is pending before the Ninth Circuit. It also does not appear that any relief that might be sought pursuant to § 1983 would necessarily undermine confidence in Petitioner's conviction or sentence such that he must first exhaust habeas remedies. See Muhammad, 540 U.S. at 750-51 (discussing exhaustion requirement applicable when relief sought in an § 1983 action would necessarily undermine confidence in an inmate's conviction). The fortuity of Petitioner's pending habeas action on appeal does not constitute an alternative means to vindicate his rights with respect to his conditions of confinement. Because the requested contact visit with Dr. Blake is unrelated to the pending habeas matter, the motion will be denied.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Order Allowing Contact Visit with Appellant is **DENIED**. (Dkt. 142, tab 1.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall immediately forward a copy of this Order to the Ninth Circuit Court of Appeals.

DATED this 3rd day of October, 2005.

Roslyn O. Silver
United States District Judge