WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey T. Landrigan,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV-96-2367-PHX-ROS<br><br>DEATH PENALTY CASE<br><br>ORDER |

    Petitioner is an Arizona inmate sentenced to death whose appeal from the denial of federal habeas relief is pending before the Ninth Circuit Court of Appeals. Petitioner filed a motion with the Ninth Circuit seeking authorization for a contact visit by Pamela Blake, M.D., a neurologist retained by Petitioner's habeas counsel, to conduct a neurological examination to determine the cause of headaches and neck pain Petitioner has experienced since January 2005. (Dkt. 142, tab 1.)[1] Respondents opposed the motion. (Id., tab 2.) On September 16, 2005, the Ninth Circuit issued a limited remand to this Court for resolution of Petitioner's motion. (Id.)

    On October 6, 2005, based on the available record, this Court denied the motion for contact visit, indicating that claims related to a prisoner's medical care should be pursued via 42 U.S.C. § 1983. (Dkt. 143 at 1-2.) On October 7, Petitioner's counsel filed a motion for

---

[1] "Dkt." refers to documents in the district court's file.

reconsideration advising the Court for the first time of a letter Petitioner wrote to the Ninth Circuit indicating that he wished to drop all appeals and proceed with execution. (Dkt. 144, Ex. A.) Counsel suggested that Petitioner's pain might be a contributing factor in his decision to forgo appellate review of his federal habeas claims. (Id. at 2-3.) In light of that new information and pursuant to Local Rule Civil 7.2(g), the Court directed Respondents to file a response to the motion for reconsideration. (Dkt. 145.) In response, Respondents did not object to a contact visit, only to it being conducted confidentially. (Dkt. 151 at 1.) Petitioner seeks leave to reply and has submitted a proposed reply. (Dkt. 153, Ex. A.) Petitioner's request will be granted and he will be directed to electronically file his reply.

Respondents argue that to the extent Petitioner's counsel contend that Petitioner is incompetent to waive his appeal, Petitioner's mental health is at issue and conversations between a mental health professional and Petitioner, and the professional's conclusions regarding his competence, should be made available to Respondents and the Court. (Dkt. 151 at 1.) Petitioner's counsel contend they are not asserting that Petitioner is incompetent; rather, they seek a *neurological* evaluation of the headaches experienced by Petitioner that may be the sole or contributing factor behind his stated wish to abandon his appeal. (Dkt. 153.)

Habeas counsel's request for a contact visit by Dr. Blake appears reasonable because it may provide information relevant to Petitioner's expressed intent to abandon his habeas appeal. However, that issue is not before this Court on the instant limited remand nor has the Ninth Circuit addressed it to date. Therefore, at this time, Respondents have no demonstrated need for access to the information that may be developed through the contact visit. Therefore, Petitioner's motion for reconsideration will be granted and a confidential contact visit authorized.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for leave to file a reply to Respondents' response to the motion for reconsideration is **GRANTED**. (Dkt. 153.) Petitioner shall

- 2 -

1 electronically file his reply forthwith. (Dkt. 153, Ex. A.)

2 **IT IS FURTHER ORDERED** that Petitioner's motion for reconsideration of the denial of a confidential contact visit by Dr. Pamela Blake is **GRANTED**. (Dkt. 144.)

4 **IT IS FURTHER ORDERED** that the parties shall promptly confer regarding an expeditious and mutually agreeable date and procedures for a confidential contact visit by Dr. Blake with Petitioner and, **no later than five (5) days after the filing date of this Order**, the parties shall submit a stipulated form of order setting forth the date and procedures for that visit.

9 **IT IS FURTHER ORDERED** that the Clerk of Court forward a courtesy copy of this Order to the Clerk of the Ninth Circuit Court of Appeals.

11 DATED this 8th day of November, 2005.

_____
Roslyn O. Silver
United States District Judge