WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey T. Landrigan,<br><br>Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>Respondents. | No. CV-96-2367-PHX-ROS<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

The Court recently granted Petitioner's motion to reconsider the denial of his request for a confidential contact visit between him and Pamela Blake, M.D., a neurologist, retained by his counsel. (Dkt. 153.) The Court ordered the parties to confer and submit a stipulated form of order setting a date and procedures to govern the contact visit. (<u>Id.</u>) The parties provided a proposed Stipulated Contact Visit Order to chambers, which the Court will grant as set forth below.

Accordingly,

**IT IS ORDERED** that Dr. Blake be permitted to have a confidential contact visit with Mr. Landrigan for neurological testing under the following terms:

1) Visitation shall take place on Tuesday, December 6, 2005, from 9:00 a.m. until 2:00 p.m.

2) Mr. Landrigan's counsel shall make arrangements with Warden Meg Savage, Arizona State Prison - Eyman Complex, SMU-II, or her designee, to schedule such visit.

3) The Warden, through her staff, may require Dr. Blake to subject all instruments, equipment, manuals and the like to an inspection and inventory prior to and subsequent to any meeting with Landrigan.

4) If requested by Dr. Blake, the Warden, through her staff, shall remove handcuffs and/or leg irons from Mr. Landrigan so that she may complete certain tests. If requested by Dr. Blake, Mr. Landrigan may take off his shoes and socks to complete certain testing that requires bare feet. ADOC may require Mr. Landrigan to wear a stun belt during the meetings.

5) Both Mr. Landrigan and Respondents recognize that Mr. Landrigan's decision not to contest ADOC's practice of using a stun belt on him is due to the time constraints of Mr. Landrigan's counsel in other cases and in no way constitutes a waiver of the "stun belt issue" in any future request for a contact visit in this, or in any other, case. Respondents' willingness to stipulate hereto should not be considered a waiver of any aspect of ADOC's non-contact visitation policy.

6) Dr. Blake will be required to wear all protective gear, including any protective vest and/or safety goggles provided by ADOC. Dr. Blake will be allowed to wear a suit jacket over the protective vest. If requested, Dr. Blake shall be allowed to remove the protective vest and safety goggles if, in her opinion, the vest and/or the goggles interfere with the testing and evaluation of Mr. Landrigan.

7) The meeting between Mr. Landrigan and Dr. Blake shall be confidential and take place in a room that allows for privacy. The room in which the meeting takes place shall have a door that remains closed during the meeting. The room may have windows which allow the Warden, through her staff, to observe the meeting. Dr. Blake shall sit in the chair closest to the door, and Mr. Landrigan shall not go between her and the door without permission. The room in which the meeting takes place shall have three chairs and a table no larger than three feet in width.

8) Dr. Blake shall be allowed to have physical contact with Mr. Landrigan as is necessary to conduct testing.

9) Before being allowed the contact visit authorized herein, Dr. Blake shall certify in a written release to ADOC that she has investigated and ascertained the risks to her personal safety associated with the visit as authorized by and under the circumstances described in this order; that she agrees to assume those risks; that she releases and holds harmless ADOC, the state of Arizona, and their officers and employees from any claim arising from death or injury associated with the risks assumed. However, such release shall not operate as a release of gross negligence on the part of ADOC.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order to Michael Brodsky, Assistant Attorney General, Arizona Department of Corrections, 1275 West Washington, Phoenix, AZ 85007, and Warden Meg Savage and Deputy Warden McWilliams, Arizona State Prison, Eyman Prison Complex, SMU - II, 4374 East Butte Avenue, Florence, Arizona 85232.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a courtesy copy of this Order to the Clerk of the Ninth Circuit Court of Appeals.

DATED this 21st day of November, 2005.

_____
Roslyn O. Silver
United States District Judge